UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY JAMES DOUSE,

                    Plaintiff,

vs.                                    Case No.  2:03-cv-664-FtM-99SPC

T.K. BROWN;  J.  NORDSTROM;  and  T.
CULLEMBER,

                    Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon Defendant Nordstrom's Motion to Dismiss ("Defendant's Motion" Doc. #30).  After being granted two extensions of time (Docs. #34 and #51), Plaintiff filed a response to Defendant's Motion (Doc. #38) and a supplement to response (Doc. #54).  This matter is now ripe for review.

**I.**

Plaintiff, proceeding *pro se* and while a prisoner[1], filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 ("Complaint" Doc. #1) in which he alleges violations of the Eighth Amendment stemming from a September 8, 2003 incident that took place at the Charlotte Correctional Institution ("CCI"). Plaintiff claims during the incident he was subjected to an unjustified and excessive use of force with chemical agents by Defendants.

---

[1]Subsequent to the filing of this action, Plaintiff was released from the custody of the Florida Department of Corrections and placed into the custody of the Florida Department of Children and Families.  Plaintiff currently is confined at the Florida Civil Commitment Center.

Defendant Nordstrom seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint alleges only *de minimis* use of force and falls short of the excessive and unnecessary use of force standard required for an Eighth Amendment violation.   In the alternative, Defendant Nordstrom claims that he is entitled to qualified immunity.  As of the date of this Order, service of process has not yet been effectuated upon Defendants Brown nor Cullember.

According to the Complaint, on September 8, 2003 at approximately 5:55 p.m., Defendant Brown approached Plaintiff's cell, which was located in the close management wing at CCI, and told Plaintiff that he was "yelling from his cell door and banged [sic] creating a disturbance of B-dormitory."  Complaint, Section VII, page 8.  Plaintiff disputes that he was yelling or creating a disturbance and claims that the video tapes located in the close management wing could confirm this fact.  Approximately, fifteen minutes later, Defendant Cullember entered the quad and advised Plaintiff that he was going to be gassed.  Id. at p. 9. Three minutes later, Defendants Cullember and Nordstrom returned, cut off the ventilation in Plaintiff's cell, and "administered four or five second bursts of OC chemicals . . . directly in Plaintiff['s] eyes and face area." Id.   "A few minutes later," Defendants Cullember and Nordstrom returned with another canister of chemical agents and Defendant Nordstrom "emptied the one can in one burst."  Id. Defendant Cullember then ordered Officer Mitchell to place

-2-

Plaintiff in a "hot shower." Id. at p. 9-A. Plaintiff claims the chemicals caused "extreme burning and breathing difficulties." Id. at p. 9. Plaintiff seeks compensatory and punitive damages. Id. at Sec. VIII, p. 10.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). The Eleventh Circuit imposes "heightened pleading requirements" for section 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir.

2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).
The heightened pleading standard is not otherwise applicable.  The
Court must limit its consideration to well-pleaded factual
allegations, documents central to or referenced in the complaint,
and matters judicially noticed.  La Grasta v. First Union Secs.,
Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted
however if, assuming the truth of the factual allegations of the
plaintiff's complaint, there is a dispositive legal issue which
precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989);
Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir.
1992).  The Court need not accept unsupported conclusions of law or
of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036
n.16.

### III.

The Eighth Amendment, which prohibits "cruel and unusual
punishment," provides the constitutional framework for Plaintiff's
claim.  It is the unnecessary and wanton infliction of pain that
constitutes cruel and unusual punishment.  Hudson v. McMillian,
503 U.S. 1, 5 (1992) (citations omitted).  In applying the Eighth
Amendment in the context of prison discipline, a distinction is
made between "punishment after the fact and immediate coercive
measures necessary to restore order and security."  Ort v. White,
813 F.2d 318, 324-25 (11th Cir. 1987).

With regard to the use of chemical agents:

It is generally recognized that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984), cert. denied, 470 U.S. 1085 (1985). For this reason, we have closely scrutinized the use of tear gas or mace (a trade name for tear gas, Soto, 744 F.2d at 1261) in correctional facilities. See e.g., Bailey v. Turner, 736 F.2d 963 (4th Cir. 1984); Greear v. Loving, 538 F.2d 578 (4th Cir. 1976). This is because, even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035 (1985). Accordingly, although it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine the validity of the use of tear gas in the prison environment." Bailey, 736 F.2d at 969. See also Justice v. Dennis, 834 F.2d 380, 383 (4th Cir. 1987) (*en banc*), vacated on other grounds, 490 U.S. 1087 (1989).

However, mace can be constitutionally used in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." Landman v. Peyton, 370 F.2d 135, 138 & n. 2 (4th Cir. 1966), cert. denied, 388 U.S. 920 (1967). See also Bailey, 736 F.2d at 968-69. A limited application of mace may be "much more humane and effective than a flesh to flesh confrontation with an inmate." Soto, 744 F.2d at 1262. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain. Id.

Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996). Thus, it is "the imposition of pain totally without penological

justification" that is proscribed by the Eighth Amendment.  <u>Evans v. Dugger</u>, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted).  <u>See also</u>  <u>Ort v. White</u>, 813 F.2d 318; <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981).

Instances of "physical abuse directed at [a] prisoner **after** he terminate[s] his resistence to authority would constitute an actionable eighth amendment violation." (emphasis in original) <u>Hope v. Pelzer</u>, 536 U.S. 730, 731 (2002)(quoting <u>Ort</u>, 813 F.2d at 324).  Significantly, the Eleventh Circuit found that

> the use of force in retaliation for a provocative act occurring some time earlier is "more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the inmate 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment."

<u>Ort v. White</u>, 813 F.2d at 324 (quoting <u>Smith v. Dooley</u>, 591 F. Supp. 1157 (W.D. La. 1984), <u>aff'd</u>, 778 F.2d 788 (5th Cir. 1985)(quoting <u>Dailey v. Byrnes</u>, 605 F.2d 858, 861 (5th Cir. 1979)).

The Court cannot state that Plaintiff can prove no set of facts that would entitle him to relief as against Defendant Nordstrom at this stage of the proceedings.  Here, accepting Plaintiff's allegations in the Complaint as true, Plaintiff has adequately stated a constitutional violation arising out of Defendant Nordstrom's non-spontaneous use of chemical weapons on Plaintiff on September 8, 2003.  <u>See Ort v. White</u>, 813 F.2d 324. Similarly, based on pre-existing law, this Court concludes that Defendant Nordstrom had a fair and clear warning that his <u>alleged</u>

conduct was unlawful.  <u>See</u>  <u>Ort</u>; <u>Rhodes v. Chapman</u>, 452 U.S. 346.
For this reason, given Plaintiff's version of the events, Defendant
Nordstrom is not entitled to qualified immunity at this Rule
12(b)(6) stage of the litigation.   Thus, Defendant Nordstrom's
Motion to Dismiss will be denied, and the parties will have the
opportunity to further develop the facts with respect to
Plaintiff's claim.

<u>Defendants Brown and Cullember</u>

As of the date of this Order, service of process has not been
effectuated upon Defendants Brown or Cullember.   While, an *in forma
pauperis* plaintiff is entitled to rely on the court officers and
the U.S. Marshal to effect proper service, <u>Fowler v. Jones</u>, 899
F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to
provide the Court with valid addresses for the defendants, the
Court cannot meet this responsibility.   <u>Rochon v. Dawson</u>, 828 F.2d
1107, 1109-10 (5th Cir. 1987)[2]; <u>See</u> <u>also</u> 28 U.S.C. § 1915(d).   The
Court is also responsible for seeing that its limited resources are
allocated in a way that promotes the effective and efficient
administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss
an action on its own motion if service is not perfected within 120
days after the filing of the complaint.   This matter is clearly

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc) the Eleventh Circuit adopted as binding precedent
all the decisions of the former Fifth Circuit handed down prior to
the close of business on September 30, 1981.

subject to dismissal pursuant to the 120-day provision of Rule 4(m). Plaintiff's Complaint was filed on December 8, 2003 (Doc. #1). The U.S. Marshal's numerous attempts to effectuate service upon Defendants Brown and Cullember have been unsuccessful (Docs. #19, #20, #21, #44, #45, #58 and #59). Despite the repeated attempts by the Court to assist Plaintiff in his efforts to effect service of process, he has not provided valid addresses for either Defendants Brown and Cullember. Consequently, the Court will dismiss Plaintiff's Complaint without prejudice against Defendants Brown and Cullember pursuant to Fed. R. Civ. P. 4(m).

ACCORDINGLY it is hereby

**ORDERED**:

1. Defendant Nordstrom's Motion to Dismiss (Doc. #30) is **DENIED**.

2. Plaintiff's Complaint is dismissed without prejudice as to Defendants Brown and Cullember pursuant to Fed. R. Civ. P. 4(m).

3. The **Clerk of the Court** shall enter judgment accordingly and correct the caption to reflect the dismissals of Defendants Brown and Cullember.

4. Defendant Nordstrom shall file an answer to the Complaint within twenty (20) days.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___31st___ day of August, 2006.

JOHN E. STEELE
United States District Judge

-8-

SA:   hmk
Copies: All Parties of Record